FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

2024 FEB 21  A 10: 20

1: 24 CV 254

| | | |
|---|---|---|
| ROVSHAN HAMIDOV, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| | ) | |
| Shift4Shop, | ) | |
| Defendant(s). | ) | |

## VERIFIED COMPLAINT

The Plaintiff, Rovshan Hamidov, [hereinafter collectively referred to as "Plaintiff" or "Hamidov"], now comes Pro Se, and for its Verified Complaint, hereby alleges and states as follows:

1

## PARTIES

I. Plaintiff, Rovshan Hamidov ("Plaintiff" or "Hamidov"), is an individual who is domiciled in The State of Virginia.

II. Defendant, Shift4Shop, ["SHIFT"] is a corporation that is organized under the laws of The State of Florida, with its principal place of business headquartered in Tamarac, Florida. No member of SHIFT is a citizen of or domiciled in the State of Virginia.

III. By way of business agreement, the Defendant submitted to the personal jurisdiction and venue in Virginia. Accordingly, the United States District Court for the District of Virginia, Alexandria Division, is an appropriate venue for this action and the Court may exercise personal jurisdiction over the Defendants.

## JURISDICTION AND VENUE

I. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because of diverse citizenship between Plaintiff and Defendants and because this is an action for damage in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

II. Venue is proper in the Eastern District of Virginia as this is the district in which the Plaintiff resides and/or may be found, and in which most of the acts giving rise to this action occurred.

# FACTS

I. The Plaintiff is a private individual domiciled in The United States of America who is employed as Chief Operations Officer and/or General Manager of a private corporation located in Virginia. Plaintiff professionally plays a significant role in managing a business portfolio of around forty-eight million dollars [$48,000,000.00].

II. Plaintiff is a professional who has engaged in good-faith-based business dealings with Defendants.

Plaintiff, through individual intelligence, entrepreneurship and human ingenuity, along with the aid of God, is in the professional business of servicing subprime auto loans generated by an affiliated Car Dealership, alongside an internally-partnered, financial services institution ["Bank"].

III. The term "fiduciary responsibility" is commonly and legally accepted in US Courts as describing **the legal responsibility to act solely in the best interest of another party.**

"Fiduciary" means trust, and a person with a fiduciary duty has a legal obligation to maintain that trust. For example, lawyers have a fiduciary duty to act in the best interest of their clients.

IV. Defendant operates in the public square as a "technology company that develops e-commerce software for businesses".

V. The term "Electronic Commerce Application" is the **allowing of online users to shop online, browse product catalogs, create wish lists, add items to a cart, and complete purchases."** It ["Application"] also provides payment processing, shipping, and order management capabilities.

VI. The Federal Trade Commission is an independent agency of the United States government responsible for consumer transportation services and protection.

VII. **§ 55.1-135. Joint ownership in real and personal property.**

*Any persons may own real or personal property as joint tenants with or without a right of survivorship. When any person causes any real or personal property, or any written memorial of a chose in action, to be titled, registered, or endorsed in the name of two or more persons "jointly," as "joint tenants," in a "joint tenancy," or other similar language, such persons shall own the property in a joint tenancy without survivorship as provided in § 55.1-134. If, in addition, the expression "with survivorship," or any equivalent language, is employed in such titling, registering, or endorsing, it shall be presumed that such persons are intended to own the property as joint tenants with the right of survivorship as at common law. This section is not applicable to multiple party accounts under Article 2 (§ 6.2-604 et seq.) of Chapter 6 of Title 6.2 or to any other matter specifically governed by another provision of the Code.*

4

If any real or personal property is conveyed or devised to spouses, they shall take and hold such property by moieties in the same manner as if a distinct moiety had been given to each spouse by a separate conveyance, unless language as provided in this section or in § 55.1-136 is used that designates the tenancy as a joint tenancy or a tenancy by the entirety and all requirements for holding property by such tenancy are met.

Code 1919, § 5160; Code 1950, § 55-21; 1999, c. 196, § 55-20.1; 2000, c. 331; 2001, c. 718; 2019, c. 712.

VIII. On or about January 17, 2024 Plaintiff engaged in the legal activity of exploring online investing opportunities.

IX. Plaintiff immediately contacted Defendant ["SHIFT"], established business relationship, gained operational knowledge of the site and subsequently, began engaging in standard account activity.

X. Upon realizing that he had been scammed, Plaintiff made Legal Demand for return of property (and legal status thereto) from Defendant ["SHIFT"]. To-date, Defendant has demonstrated willful negligence from onset of consumer concerns.

XI. "Fraud" is the intentional use of deceit, a trick *or some dishonest means to deprive another of his/her/its money, property or a legal right*. A party who has lost something due to fraud is entitled to file a lawsuit for damages against the party acting fraudulently, and the damages may include punitive damages as a punishment or public example due to the malicious nature of the fraud. *Quite often there are several persons involved in a scheme to commit fraud and each and all may be liable for the total damages.* Inherent in fraud is an unjust advantage over another which injures that person or entity. It includes failing to point out a known mistake in a contract or other writing (such as a deed), **or not**

**revealing a fact which is material to consideration.** Plaintiff has suffered irreparable harm as a result of the blatant negligence engaged upon, by Defendant.

## FIDUCIARY ABUSE

The following elements of law were violated by The Defendant and outline a basis for fraud, through professional negligence as outlined via Federal Consumer Regulations.

**Re**: *Duty of Care*

The *duty of care* requires that directors inform themselves *"prior to making a business decision, of all material information reasonably available to them."*

See *Smith v. Van Gorkem, 488 A.2d 858 (1985)*.

*Whether the directors were informed of all material information depends on the quality of the information, the advice available, and whether the directors had "sufficient opportunity to acquire knowledge concerning the problem before action."*

See *Moran v. Household Intern, Inc., 490 A.2d 1059 (1985)*.

*Moreover, a director may not simply accept the information presented. Rather, the director must assess the information with a "critical eye," so as to protect the interests of the corporations and its stockholders.*

See *Smith v. Van Gorkem, 488 A.2d 858 (1985)*.

*Duty of Loyalty*

The *duty of loyalty* means that all directors and *officers* of a corporation working in their capacities as corporate fiduciaries must act without personal economic conflict. As the *Delaware Supreme Court* explained in *Guth v. Loft, 5 A.2d 503, 510 (Del. 1939)*, "Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interest."

*Duty of Good Faith*

Under the *duty of good faith*, a corporation's directors and officers must advance interests of the corporation and fulfill their duties without violating the *law*.

See *In re The Walt Disney Co. Derivative Litig., 906 A.2d 27 (Del. 2006)*.

WHEREFORE, the Plaintiff demands and prays for the following relief:

(1) Judgment in favor of Plaintiff against Defendants, in the amount of $250,000.00 which includes both actual and punitive relief; and,

(2) Any and all relief as further deemed appropriate by The Honorable Court.

THE PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

ROVSHAN HAMIDOV
/s/ Rovshan Hamidov,
Suing as a Private Individual.
Email: rovshan@caspiancars.us

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via electronic mail and filed electronically via CM/ECF or mailed by first class mail on February 17, 2024 to the following parties:

I.  *Shift4Shop Legal Affairs Document Reception Department*

   *2202 North Irving Street,*

   *Allentown, PA. 18109*

   *US*

/s/Rovshan Hamidov.  Rovshan Hamidov, Plaintiff.

February 17, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
__Alexandria__ DIVISION

FILED

2024 FEB 21  A 10: 20

__Rovshen Hemidov__
Plaintiff(s),

v.

Civil Action Number: __1:24 CV 254__

__Shift4 Shop__
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of __New Case__
(Title of Document)

__Rovshen Hemidov__
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: __2/21/2024__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)