# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ROVSHAN HAMIDOV,

        Plaintiff,

    v.                                    No. 1:24-CV-254-CMH-WEF

SHIFT4SHOP,

        Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

John S. Buford (VSB# 89041)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
804.967.9604
jbuford@hancockdaniel.com

Mauro G. Tucci Jr. (*pro hac vice* to be filed)
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
973.325.1500
mtucci@csglaw.com

*Attorneys for Defendant*
*Shift4Shop, LLC*

4857-0123-1792.v3

**TABLE OF CONTENTS**

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................ 5

PLAINTIFF'S COMPLAINT.................................................................................................... 5

LEGAL STANDARD................................................................................................................ 7

LEGAL ARGUMENT............................................................................................................... 8

I.      Plaintiff Has Failed to Comply with the Pleading Requirements Under Federal Rule

of Civil Procedure 8. ..................................................................................................... 8

II.     Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.............................. 13

CONCLUSION........................................................................................................................ 15

4857-0123-1792.v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..........................................................................................................7, 8

*Assa'Ad-Faltas v. Virginia,*
    738 F. Supp. 982 (E.D. Va. 1989) ...................................................................................7

*Beaudett v. City of Hampton,*
    775 F.2d 1274 (4th Cir. 1985) .....................................................................................8, 12

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................. *passim*

*Brock v. Carroll,*
    107 F.3d 241 (4th Cir. 1997) (Luttig, J., concurring) ...................................................8

*Cappetta v. GC Servs. Ltd. Partnership,*
    Civ. No. 08-288, 2008 WL 2964590 (E.D. Va. Aug. 1, 2008)....................................9

*Davis v. Bacigalupi,*
    711 F. Supp. 2d 609 (E.D. Va. 2010) .........................................................................8

*De Sole v. United States,*
    947 F.2d 1169 (4th Cir. 1991) .....................................................................................7

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,*
    213 F.3d 175 (4th Cir. 2000) .......................................................................................7

*Erickson v. Pardus,*
    551 U.S. 89 (2007).................................................................................................5, 8, 9

*Federico v. Lincoln Military Hous., LLC,*
    127 F. Supp. 3d 623 (E.D. Va. 2015) .......................................................................13

*Garris v. Ocwen Loan Servicing, LLC,*
    Civ. No. 14-118, 2014 WL 1385872 (E.D. Va. Apr. 9, 2014) ............................10, 11

*Giarratano v. Johnson,*
    521 F.3d 298 (4th Cir. 2008) ...................................................................................9, 10

*Girgis v. Salient Solutions, Inc.,*
    Civ. No. 11-1287, 2012 WL 2792157 (E.D. Va. July 9, 2012)..............................14

4857-0123-1792.v3

# TABLE OF AUTHORITIES

**Page**

*Harrison v. Westinghouse Savannah River Co.*,
176 F.3d 776 (4th Cir. 1999) ...............................................................................14

*Holsey v. Collins*,
90 F.R.D. 122 (D. Md. 1981).................................................................................12

*Horn v. Lee*,
Civ. No. 07-00546, 2008 WL 345888 (W.D. Va. Feb. 7, 2008) ..........................10

*Jordan v. Lee*,
Civ. No. 08-00281, 2008 WL 1766774 (W.D. Va. Apr. 17, 2008) ......................10

*Kerr v. U.S. Dep't of Justice*,
2008 WL 3928701 (E.D. Va. Aug. 21, 2008).......................................................8, 9

*Morgan v. Wal–Mart Stores E., LP*,
Civ. No. 10-669, 2010 WL 4394096 (E.D. Va. Nov. 1, 2010)..............................13

*North Carolina v. McGuirt*,
114 Fed. App'x 555 (4th Cir. 2004) .......................................................................8

*Payne v. Commonwealth of Virginia*,
Civ. No. 07-337, 2008 U.S. Dist. LEXIS 113066 (E.D. Va. Apr. 17, 2008).........12

*Republican Party of North Carolina v. Martin*,
980 F.2d 943 (4th Cir. 1992) ..................................................................................7

*Salinas v. Dillman*,
Civ. No. 08-00268, 2008 WL 1743865 (W.D. Va. Apr. 15, 2008) ......................10

*Scharpenberg v. Carrington*,
686 F. Supp. 2d 655 (E.D. Va. 2010) ....................................................................14

*Sepulveda v. Stiff*,
Civ. No. 05-167, 2006 WL 3314530 (E.D. Va. Nov. 14, 2006)..............................9

*State Farm Mut. Auto. Ins. Co. v. Remley*,
270 Va. 209, 618 S.E.2d 316 (2005)......................................................................15

*Tingler v. Graystone Homes, Inc.*,
298 Va. 63, 834 S.E.2d 244 (2019)........................................................................14

4857-0123-1792.v3

**TABLE OF AUTHORITIES**

**Page**

*William v. AES Corp.*,
  28 F. Supp. 3d 553 (E.D. Va. 2014) ......................................................................13

*Wright v. SunTrust Bank*,
  Civ. No. 08-568, 2008 WL 3106884 (E.D. Va. Aug. 4, 2008)................................12

**Rules**

Federal Rule of Civil Procedure 8 ........................................................... 5, 8-10, 12, 13

Federal Rule of Civil Procedure 9 .........................................................................14

Federal Rule of Civil Procedure 12(b)(6) .............................................................. *passim*

4857-0123-1792.v3

Defendant Shift4Shop, LLC, named as Shift4Shop ("Shift4Shop"), by its counsel, respectfully submits this Memorandum of Law in Support of a Rule 12(b)(6) Motion to Dismiss Plaintiff Rovshan Hamidov's ("Plaintiff" or "Mr. Hamidov") Complaint.

## PRELIMINARY STATEMENT

The Complaint is incomprehensible such that Shift4Shop is unable to respond to the allegations set forth therein. Mr. Hamidov has failed to provide Shift4Shop with adequate notice of his claims and the grounds on which those claims rests. Plaintiff provides insufficient factual allegations from which Shift4Shop can discern the nature of his claims, much less any alleged basis for liability with respect to Shift4Shop. Notwithstanding his *pro se* status, neither the Court nor Defendant should be left to speculate the factual basis of Mr. Hamidov's claims. Accordingly, the Complaint should be dismissed because it fails to plead – even generally – any cognizable legal claim, nor does Mr. Hamidov allege facts sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure and the standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Erickson v. Pardus*, 551 U.S. 89 (2007).

## PLAINTIFF'S COMPLAINT

Plaintiff's eight-page Complaint provides limited allegations. ("Compl.," ECF No. 1).[1] Plaintiff alleges that he "is employed as Chief Operations Officer and/or General Manager of a private corporation" and "is a professional who has engaged in good-faith-based business dealings with *Defendants*." (Compl. ¶ II) (emphasis added). He "professionally plays a significant role in managing a business portfolio of around forty-eight million dollars [$48,000,000.00]." (*Id.* ¶ I).

---

[1] The paragraphs and allegations in the Complaint are, in part, labeled with roman numerals, so Defendant cites to the Complaint using roman numerals and page numbers according to Plaintiff's usage. Because the paragraph roman numerals reset with each section, Defendant will indicate the corresponding section in citations as well).

"Plaintiff, through individual intelligence, entrepreneurship and human ingenuity, along with the aid of God, is in the professional business of servicing subprime auto loans generated by an affiliated Car Dealership, alongside an internally-partnered, financial services institution ['Bank']." (*Id.*)

According to Plaintiff, "Defendant operates in the public square as a 'technology company that develops e-commerce software for businesses.'"[2] (Compl. ¶ IV). Plaintiff alleges that "[o]n or about January 17, 2024 [he] engaged in the legal activity of exploring online investing opportunities." (*Id.* ¶ VIII). "Plaintiff immediately contacted Defendant ['SHIFT'], established business relationship, gained operational knowledge of the site and subsequently, began engaging in standard account activity." (*Id.* ¶ IX). "Upon realizing that he had been scammed, Plaintiff made Legal Demand for return of property (and legal status thereto) from Defendant ['SHIFT']. To-date, Defendant has demonstrated willful negligence from onset of consumer concerns." (*Id.* ¶ X). Plaintiff then provides a definition for the term "fraud" and alleges that he "has suffered irreparable harm as a result of the blatant negligence engaged upon, by Defendant." (*Id.* ¶ XI).

The remainder of the allegations are not numbered, but the next portion of the Complaint contains a section labeled "FIDUCIARY ABUSE." (Compl. at 6). Under this section, Plaintiff alleges: "The following elements of law were violated by [t]he Defendant and outline a basis for fraud, through professional negligence as outlined via Federal Consumer Regulations." (*Id.*) The Complaint then cites case law concerning duty of care, duty of loyalty and duty of good faith relative to directors and officers. (*Id.* at 6-7).

---

[2] Plaintiff describes "[t]he term 'Electronic Commerce Application' [as] the allowing of online users to shop online, browse product catalogs, create wish lists, add items to a cart, and complete purchases. It ['Application'] also provides payment processing, shipping, and order management capabilities." (*Id.* ¶ V).

Towards the end of the Complaint, there is a blanket demand for "[j]udgment in favor of Plaintiff and against *Defendants*" in the amount of $250,000. (*Id.* at 7 (emphasis added)). Moreover, without referencing them in his Complaint, Plaintiff submitted a series of what appears to be exhibits along with his Complaint. (ECF No. 1-1). Only "Exhibit G" references Shift4Shop. (*Id.* at 7-14). The remainder of the Complaint references legal terminology and statutes (Compl. ¶¶ III, VII) and contains an allegation about the Federal Trade Commission without explanation (Compl. ¶ VI).

This is the entire substance of Mr. Hamidov's Complaint.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's initial pleadings and does not resolve "contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and views the complaint in the light most favorable to the plaintiff. *De Sole v. United States*, 947 F.2d 1169, 1174 (4th Cir. 1991) (citation omitted). However, the court need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions or arguments asserted in the complaint. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Furthermore, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While

legal conclusions can provide a framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Simply because Mr. Hamidov is appearing *pro se* does not preclude application of the basic principles articulated in *Twombly*. In *Erickson v. Pardus*, the Supreme Court analyzed a *pro se* plaintiff's complaint under the standards set forth in *Twombly* and made it clear that, while a *pro se* plaintiff's complaint must be liberally construed, it still must meet the requirements of the Federal Rules of Civil Procedure. *Pardus*, 551 U.S. at 94; *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010); *see also Kerr v. U.S. Dep't of Justice*, 2008 WL 3928701, at *1 (E.D. Va. Aug. 21, 2008) (noting that the court liberally construes *pro se* complaints but applying pleading standard articulated in *Twombly* to motion to dismiss *pro se* plaintiff's complaint). In doing so, the Court may not act as the litigant's advocate and construct legal arguments that the plaintiff has not made. *See Brock v. Carroll,* 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## LEGAL ARGUMENT

**I.      Plaintiff Has Failed to Comply with the Pleading Requirements Under Federal Rule of Civil Procedure 8.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Plaintiff has failed to meet that basic pleading standard.

In considering whether to dismiss a complaint for failure to satisfy Rule 8(a), courts consider, in part, "whether the complaint was clear enough to enable the defendant to know how to defend himself." *North Carolina v. McGuirt*, 114 Fed. App'x 555, 558 (4th Cir. 2004). "Fair notice" under Rule 8(a) requires more than a mere conclusory recitation of the elements of a claim.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (internal quotations and citations omitted); *see Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) ("We do not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions. . . .") (cleaned up).

Instead, to satisfy Rule 8(a) and survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must provide sufficient factual detail to "show that its claim is plausible, not merely speculative.'" *Cappetta v. GC Servs. Ltd. Partnership*, Civ. No. 08-288, 2008 WL 2964590, at *1 (E.D. Va. Aug. 1, 2008) (granting a motion to dismiss a conversion claim because the plaintiff's complaint did not contain a count alleging conversion or discuss the claim in any way). Further, a plaintiff's factual allegations must be sufficient to plausibly suggest each material element necessary to sustain a recovery under the legal theory advanced by the plaintiff. *See Kerr v. U.S. Dep't of Justice*, 2008 WL 3928701, at *1 ("Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff 'must allege facts sufficient to state all the elements of [his or] her claim.'") (quoting *Bass v. E.I. Dupont Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

A complaint that neither identifies the sections of the law allegedly violated by the defendant nor describes the nature of those violations necessarily fails to satisfy the pleading standards set forth in Rule 8(a). *See Sepulveda v. Stiff*, Civ. No. 05-167, 2006 WL 3314530, at *4 (E.D. Va. Nov. 14, 2006) ("A complaint is sufficient [under Rule 8(a)] where it states jurisdictional grounds for the claim, identifies sections of the law allegedly violated, describes the nature of the violations, and specifies the time period in which the alleged violations occurred.").

9

Notwithstanding the liberal standard afforded to *pro se* plaintiffs, Mr. Hamidov must still allege facts in his Complaint that state a cognizable cause of action and provide sufficient detail to make clear the nature of his claims so as to allow Shift4Shop the opportunity to respond to those claims. *See, e.g., Jordan v. Lee*, Civ. No. 08-00281, 2008 WL 1766774, at *1 n.3 (W.D. Va. Apr. 17, 2008) ("Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action."); *Salinas v. Dillman*, Civ. No. 08-00268, 2008 WL 1743865, at *3 (W.D. Va. Apr. 15, 2008) (holding that a *pro se* plaintiff must "allege facts that state a cause of action" and, "[i]n the context of Fed. R. Civ. P. 8, it is clear that plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond"); *Horn v. Lee*, Civ. No. 07-00546, 2008 WL 345888, at *2 (W.D. Va. Feb. 7, 2008) (same). Thus, even under the comparatively liberal standard applicable to *pro se* plaintiffs, *Twombly* requires that pleadings "contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

Here, the Complaint is fundamentally defective as a matter of law. First, Mr. Hamidov's allegations are vague and incomprehensible. *See, e.g.*, Compl. ¶ IX ("Plaintiff immediately contacted Defendant ["SHIFT"], established business relationship, gained operational knowledge of the site and subsequently, began engaging in standard account activity."); *Garris v. Ocwen Loan Servicing, LLC*, Civ. No. 14-118, 2014 WL 1385872, at *2 (E.D. Va. Apr. 9, 2014) (dismissing the *pro se* paintiffs' "unintelligible" claims and explaining that "it [was] impossible to tell what any Defendant [was] alleged to have done wrong, let alone whether relief [was] appropriate"). Notably, Mr. Hamidov makes several references to "Defendants" rather than "Defendant" throughout the Complaint despite having only named *one* defendant – Shift4Shop.

Second, Shift4Shop is unable to discern the nature of Plaintiff's claims. Plaintiff identifies broad legal concepts that he contends were violated but fails to allege sufficient facts that give rise to his causes of action. Plaintiff makes the blanket assertion that Defendant "demonstrated willful negligence" but provides no factual context. (Compl. ¶ X). Then again, without providing factual context, he states that "[t]he following elements of law were violated by [t]he Defendant and outline a basis for fraud, through professional negligence as outlined via Federal Consumer Regulations." (*Id.* at 6). Right after this statement, Mr. Hamidov cites Delaware case law concerning duties of care, loyalty, and good faith that officers and directors owe to their own corporation. (*Id.* at 6-7).

It appears Mr. Hamidov believes he was the victim of some scam, but there is no explanation of what the scam was or how Shift4Shop was involved. He makes broad statements that he was "exploring online investing opportunities" on January 17, 2024. (Compl. ¶ VIII). Next, Mr. Hamidov states he "established business relationship, gained operational knowledge of the site and subsequently, began engaging in standard account activity." (*Id.* at ¶ IX). There is zero explanation of the business relationship that was supposedly established or the "standard account activity" in which Mr. Hamidov supposedly engaged. Presumably Mr. Hamidov's reference to "the site" is Shift4Shop's website[3] that offers payment processing services for e-commerce businesses, which has no apparent connection to Mr. Hamidov's earlier reference to "exploring online investing opportunities" in the prior paragraph. Mr. Hamidov next states that he was "scammed" and that he made a "Legal Demand for return of property" from Shift4Shop. (*Id.* ¶ X).

---

[3] *See* Shift4Shop homepage at https://launch.shift4shop.com/.

Again, he provides *no* details about the property he lost, how he was "scammed," or even that it was Shift4Shop that somehow "scammed" him.

Mr. Hamidov has only pled bare accusations devoid of factual support. In effect, he alleges that *someone* did *something* to scam him out of *unspecified* property without explaining how Shift4Shop is involved. Because Shift4Shop offers e-commerce services to independent businesses, Mr. Hamidov may be referring to a transaction with a third-party business. Regardless, the Complaint's conclusory statements about a scam that fail to connect Shift4Shop to Mr. Hamidov in any way is simply insufficient the meet the pleading standards under Rule 8.

It is not the Court's duty, nor Defendant's, to decipher or guess Mr. Hamidov's claims, much less the factual bases upon which they rest. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"); *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (court specifically observed that dismissal of the *pro se* complaint under Rule 8 was proper because it "place[d] an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and . . . impose[d] a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"). As explained in *Twombly*, "labels and conclusions" will not do.

Courts within the Fourth Circuit have not hesitated to grant motions to dismiss in cases, like this one, where the *pro se* plaintiff failed to adequately plead the factual basis for his or her claims. *See, e.g., Wright v. SunTrust Bank*, Civ. No. 08-568, 2008 WL 3106884 (E.D. Va. Aug. 4, 2008) (granting motion to dismiss the *pro se* plaintiff's complaint where a thorough and liberal reading of the complaint did not reveal any allegations that could violate the statute at issue); *Payne*

*v. Commonwealth of Virginia*, Civ. No. 07-337, 2008 U.S. Dist. LEXIS 113066, at \*5 (E.D. Va. Apr. 17, 2008) (adopting magistrate's report and recommendation dismissing the *pro se* plaintiff's claim because the plaintiff's "vague allegations" did not satisfy Rule 8 pleadings standards or give the defendants fair notice of his claims, and the plaintiff did not "coherently explain" how his rights were violated).

## II.      Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.

In addition to its failure to comply with the Court's Orders or Rule 8(a), the Complaint must be dismissed pursuant to Rule 12(b)(6). To the extent there are any decipherable causes of action – the Complaint refers to negligence, fraud, and fiduciary responsibilities – Mr. Hamidov has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Virginia law requires that a plaintiff seeking to establish actionable negligence do more than merely allege "negligence." To state a negligence claim under Virginia law, Plaintiff must allege that (i) Defendant owed him a legal duty; (ii) Defendants breached that legal duty; (iii) Plaintiff suffered damages; and (iv) the damages were proximately caused by Defendant's actions. *Federico v. Lincoln Military Hous., LLC*, 127 F. Supp. 3d 623, 641 (E.D. Va. 2015) (citing *McGuire v. Hodges*, 273 Va. 199, 639 S.E.2d 284 (2007)).

Mr. Hamidov has not alleged, and cannot allege, Shift4Shop owed a duty to him, much less breached it. *See, e.g.*, *Morgan v. Wal–Mart Stores E., LP*, Civ. No. 10-669, 2010 WL 4394096, at \*3 (E.D. Va. Nov. 1, 2010) (dismissing negligence claim where the plaintiff "fail[ed] to allege any facts supporting a legal duty on [d]efendant's part, . . . fail[ed] to specify what actions of [d]efendant constituted a breach of that legal duty, and fail[ed] to allege facts tending to show how such a breach proximately caused [p]laintiff's injury."); *William v. AES Corp.*, 28 F. Supp. 3d 553, 571 (E.D. Va. 2014) (dismissing the plaintiffs' negligence claim where they failed to specific what actions of defendants constituted a breach of the legal duty asserted). In addition to not pleading

13

plausible factual support for his assertion that Defendant owed him a duty and that Shift4Shop breached that duty, Mr. Hamidov has also failed to plead a causal link between the alleged harm and Shift4Shop. By his own submissions, Mr. Hamidov has revealed that the monetary damages for which he seeks relief were not caused by Shift4Shop. According to his own exhibits, they could not have been. Plaintiff's bank statements make that clear; there is no mention of Shift4Shop in his bank statements.[4] Accordingly, Mr. Hamidov failed to set forth a cognizable claim for negligence.

With respect to any claims of fraud, Plaintiff has failed to meet the pleading requirements under Federal Rule of Civil Procedure 9. To satisfy Rule 9(b), a plaintiff must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted); *see also Girgis v. Salient Solutions, Inc.*, Civ. No. 11-1287, 2012 WL 2792157, at *12 (E.D. Va. July 9, 2012) ("These facts are commonly described as the 'who, what, when, where, and how' of the alleged fraud."). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison*, 176 F.3d at 783 n.5; *see also Scharpenberg v. Carrington*, 686 F. Supp. 2d 655, 661-62 (E.D. Va. 2010) (citing *Harrison*).

---

[4] Moreover, to the extent Plaintiff had an unspecified "business relationship" with Defendant (Compl. ¶ IX), which would give rise to an express or implied contract, Plaintiff's tort claims for economic harm would be barred by Virginia's source-of-duty rule. As the Supreme Court of Virginia has cautioned repeatedly, "the source-of-duty rule attempts to mark off the boundaries of civil liability and to protect our jurisprudence from the modern trend that is intent on turning every breach of contract into a tort . . . ." *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 82-83, 834 S.E.2d 244, 255-56 (2019) (citations omitted) (cleaned up).

A plaintiff asserting actual fraud in Virginia

> must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.

*State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005) (citations omitted). Plaintiff has not alleged any representation by Defendant at all, much less how such representation was false or how Plaintiff detrimentally relied upon it.

## <u>CONCLUSION</u>

Even under the most liberal construction, the Complaint fails to state a claim upon which relief can be granted and it should be dismissed with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted this 29th day of March, 2024.

/s/ John S. Buford
John S. Buford (VSB# 89041)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
804.967.9604
jbuford@hancockdaniel.com

Mauro G. Tucci Jr. (*pro hac vice* to be filed)
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
973.325.1500
mtucci@csglaw.com

*Attorneys for Defendant*
*Shift4Shop, LLC*