# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| ROVSHAN HAMIDOV, | |
| Plaintiff, | |
| v. | No. 1:24-CV-254-CMH-WEF |
| SHIFT4SHOP, | |
| Defendant. | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

John S. Buford (VSB# 89041)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
804.967.9604
jbuford@hancockdaniel.com

Mauro G. Tucci Jr. (*pro hac vice*)
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
973.325.1500
mtucci@csglaw.com

*Attorneys for Defendant*
*Shift4Shop, LLC*

4854-9141-7029.v2

**TABLE OF CONTENTS**

<u>**Page**</u>

PRELIMINARY STATEMENT ......................................................................................... 5

PLAINTIFF'S AMENDED COMPLAINT.......................................................................... 6

LEGAL STANDARD........................................................................................................... 7

LEGAL ARGUMENT .......................................................................................................... 8

I.     PLAINTIFF HAS FAILED TO COMPLY WITH THE PLEADING
       REQUIREMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 8.
       .............................................................................................................................. 8

II.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN
       BE GRANTED. ..................................................................................................... 13

       1.     Plaintiff Fails to State a Claim for Fraud .................................................. 13

       2.     Plaintiff Fails to State a Claim for Breach of Fiduciary Duty .................. 14

       3.     Plaintiff Fails to State a Claim for Negligence ......................................... 15

III.   THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH
       PREJUDICE. ......................................................................................................... 17

CONCLUSION.................................................................................................................... 18

4854-9141-7029.v2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4D-Enterprises, LLC v. Aalto Hyperbaric Oxygen, Inc.*,
    Civ. No. 19-01504, 2020 WL 13200228 (E.D. Va. July 10, 2020) ..........................................15

*Allen Realty Corp. v. Holbert*,
    227 Va. 441 (1984) ....................................................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................................8

*Assa'Ad-Faltas v. Virginia*,
    738 F. Supp. 982 (E.D. Va. 1989) ..............................................................................................8

*Beaudett v. City of Hampton*,
    775 F.2d 1274 (4th Cir. 1985) .............................................................................................. 8, 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................8, 9, 10, 12

*Brock v. Carroll*,
    107 F.3d 241 (4th Cir. 1997) (Luttig, J., concurring) .................................................................8

*Cappetta v. GC Servs. Ltd. Partnership*,
    Civ. No. 08-288, 2008 WL 2964590 (E.D. Va. Aug. 1, 2008) ...................................................9

*Cozzarelli v. Inspire Pharms., Inc.*,
    549 F.3d 618 (4th Cir. 2008) ....................................................................................................17

*Davis v. Bacigalupi*,
    711 F. Supp. 2d 609 (E.D. Va. 2010) ........................................................................................8

*De Sole v. United States*,
    947 F.2d 1169 (4th Cir. 1991) ....................................................................................................7

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*,
    213 F.3d 175 (4th Cir. 2000) ......................................................................................................7

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ......................................................................................................................8

*Federico v. Lincoln Military Hous., LLC*,
    127 F. Supp. 3d 623 (E.D. Va. 2015) ......................................................................................15

ii

## TABLE OF AUTHORITIES

**Page**

*Garris v. Ocwen Loan Servicing, LLC,*
   Civ. No. 14-118, 2014 WL 1385872 (E.D. Va. Apr. 9, 2014) ................................................11

*Giarratano v. Johnson,*
   521 F.3d 298 (4th Cir. 2008) ........................................................................................9, 10

*Girgis v. Salient Solutions, Inc.,*
   Civ. No. 11-1287, 2012 WL 2792157 (E.D. Va. July 9, 2012) ................................................13

*Harrison v. Westinghouse Savannah River Co.,*
   176 F.3d 776 (4th Cir. 1999) ................................................................................................13

*Holsey v. Collins,*
   90 F.R.D. 122 (D. Md. 1981) ................................................................................................12

*Horn v. Lee,*
   Civ. No. 07-00546, 2008 WL 345888 (W.D. Va. Feb. 7, 2008) .............................................10

*Johnson v. Oroweat Foods Co.,*
   785 F.2d 503 (4th Cir. 1986) ..................................................................................................7

*Jordan v. Lee,*
   Civ. No. 08-00281, 2008 WL 1766774 (W.D. Va. Apr. 17, 2008) .........................................10

*Katyle v. Penn Nat. Gaming, Inc.,*
   637 F.3d 462 (4th Cir. 2011) ................................................................................................17

*Kerr v. U.S. Dep't of Justice,*
   Civ. No. 07-422, 2008 WL 3928701 (E.D. Va. Aug. 21, 2008) .............................................8, 9

*Moore v. Law Offices of Shapiro, Brown & Alt, LLP,*
   Civ. No. 14-832, 2015 WL 4877845 (E.D. Va. 2015) .............................................................14

*Morgan v. Wal–Mart Stores E., LP,*
   Civ. No. 10-669, 2010 WL 4394096 (E.D. Va. Nov. 1, 2010) ...............................................15

*North Carolina v. McGuirt,*
   114 Fed. App'x 555 (4th Cir. 2004) ........................................................................................9

*Payne v. Commonwealth of Virginia,*
   Civ. No. 07-337, 2008 U.S. Dist. LEXIS 113066 (E.D. Va. Apr. 17, 2008) ...........................12

*Republican Party of North Carolina v. Martin,*
   980 F.2d 943 (4th Cir. 1992) ..................................................................................................7

iii

## TABLE OF AUTHORITIES

**Page**

*Salinas v. Dillman*,
   Civ. No. 08-00268, 2008 WL 1743865 (W.D. Va. Apr. 15, 2008) .........................................10

*Scharpenberg v. Carrington*,
   686 F. Supp. 2d 655 (E.D. Va. 2010) ...................................................................................13

*Sepulveda v. Stiff*,
   Civ. No. 05-167, 2006 WL 3314530 (E.D. Va. Nov. 14, 2006)...............................................10

*State Farm Mut. Auto. Ins. Co. v. Remley*,
   270 Va. 209, 618 S.E.2d 316 (2005)..................................................................................13, 14

*Tingler v. Graystone Homes, Inc.*,
   298 Va. 63 (2019) ..............................................................................................................16

*William v. AES Corp.*,
   28 F. Supp. 3d 553 (E.D. Va. 2014) ....................................................................................16

*Wright v. SunTrust Bank*,
   Civ. No. 08-568, 2008 WL 3106884 (E.D. Va. Aug. 4, 2008)................................................12

## Rules

Fed. R. Civ. P. 8.................................................................................................... *passim*

Fed. R. Civ. P. 9................................................................................................................13

Fed. R. Civ. P. 12.................................................................................................. *passim*

4854-9141-7029.v2

Defendant Shift4Shop, LLC, named as Shift4Shop ("Shift4Shop" or "Defendant"), by its counsel, respectfully submits this Memorandum of Law in Support of a Rule 12(b)(6) Motion to Dismiss Plaintiff Rovshan Hamidov's ("Mr. Hamidov" or "Plaintiff") Amended Complaint.

## PRELIMINARY STATEMENT

On March 23, 2024, Defendant filed a motion to dismiss the Complaint because it failed to satisfy the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.  (ECF Nos. 1, 12). On May 3, 2024, the Court agreed and dismissed the Complaint for failure to state a claim, explaining that "Hamidov [had] not provide[d] enough detail to illuminate the nature of his claim and permit Shift4Shop to respond to his allegations." ("Order," ECF No. 16). On May 25, 2024, Mr. Hamidov filed an Amended Complaint. (ECF No. 17).

This is Plaintiff's second attempt to allege cognizable claims, and he has yet again failed to provide Shift4Shop with adequate notice of his claims and the grounds on which those claims rest. His Amended Complaint is still incomprehensible such that Shift4Shop is unable to respond to the allegations set forth therein. Plaintiff has somehow managed to provide less of a factual basis this time around, and neither the Court nor Defendant should be left to speculate what he is actually claiming.

Because Plaintiff has failed to suggest a claim, much less actually state a cognizable claim, the Amended Complaint should be dismissed.  Simply put, the Amended Complaint fails to meet the pleading requirements under Rule 8. Moreover, Plaintiff's inability to allege any wrongful conduct by Shift4Shop demonstrates that any further attempt to do so would be futile, and so the Amended Complaint should now be dismissed with prejudice.

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's six-page Amended Complaint provides even fewer factual allegations than before. ("Am. Compl.," ECF No. 17).[1]  Plaintiff cryptically alleges that he is "employed as Chief Operations Officer and/or General Manager of a private corporation in Virginia . . . who engaged in good-faith-based business dealings with" Shift4Shop.  (*Id.* at 2).

According to Plaintiff, Shift4Shop "operates as a technology company developing e-commerce software for business, which includes payment processing and order management capabilities." (*Id.*).  Plaintiff alleges that on "or about January 17, 2024, [he] engaged in the legal activity of exploring online investing opportunities and contacted [Defendant], establishing a business relationship." (*Id.*).  No details are provided about the alleged business relationship, such as the purpose or how it was formed.  Plaintiff alleges he "gained operational knowledge of [Defendant's] platform and began standard account activity, during which he was defrauded." (*Id.*). He does not explain what he means by "standard account activity" or, critically, how he was supposedly defrauded by Defendant.  Plaintiff claims that he then "made a legal demand for the return of property from [Defendant], which was met with willful negligence…, demonstrating a failure to address consumer concerns adequately." (*Id.*).  Plaintiff does not identify what property he refers to or the nature of the "consumer concerns" implicated by this supposed "business relationship."

Under a section labeled "Claims for Relief," Plaintiff lists the following: Breach of Fiduciary Duty (Count I), Fraud (Count II), and Negligence (Count III). Under Count I, Plaintiff alleges that Defendant owed him a duty because the parties allegedly "engaged in business

---

[1] The paragraphs and allegations in the Amended Complaint are, in part, labeled non-sequentially, so Defendant cites to the page numbers generated by the Electronic Case File system.

transactions involving substantial financial interactions and the handling of sensitive information."
(*Id.*).  He alleges that "Defendant breached this duty by failing to act in Plaintiff's best interests, failing to disclose materials facts, and neglecting to provide necessary protections against fraud."
(*Id.* at 3). Count II alleges that Defendant "engaged in fraudulent activity by intentionally deceiving" him. (*Id.*). According to Plaintiff, Defendant misrepresented "their platform's security and reliability, thereby inducing Plaintiff to trust and use their services under false pretenses," which he contends lead to significant financial loss. (*Id.*). Count III alleges that "Defendant had a duty to ensure the security and integrity of their-ecommerce platform," and that it breached that duty "by allowing fraudulent activity to occur on their platform." (*Id.*).  He likewise contends this resulted in financial loss. (*Id.*).  Plaintiff makes a blanket demand for relief in the amount of $250,000. (*Id.*).

This is the entire substance of Mr. Hamidov's Amended Complaint. He did not attach any exhibits.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's initial pleadings and does not resolve "contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and views the complaint in the light most favorable to the plaintiff. *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citation omitted). However, the court need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions or arguments asserted in the complaint. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Furthermore, a pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Assa'Ad-Faltas v.*

*Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989) (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth. While

legal conclusions can provide a framework of a complaint, they must be supported by factual

allegations." *Iqbal*, 556 U.S. at 679.

Simply because Mr. Hamidov is appearing *pro se* does not preclude application of the basic

principles articulated in *Twombly*. In *Erickson v. Pardus*, the Supreme Court analyzed a *pro se*

plaintiff's complaint under the standards set forth in *Twombly* and made it clear that, while a *pro*

*se* plaintiff's complaint must be liberally construed, it still must meet the requirements of the

Federal Rules of Civil Procedure. 551 U.S. 89, 94 (2007); *Davis v. Bacigalupi*, 711 F. Supp. 2d

609, 615 (E.D. Va. 2010); *see also Kerr v. U.S. Dep't of Justice*, Civ. No. 07-422, 2008 WL

3928701, at *1 (E.D. Va. Aug. 21, 2008) (noting that the court liberally construes *pro se* complaints

but applying pleading standard articulated in *Twombly* to motion to dismiss *pro se* plaintiff's

complaint). In doing so, the Court may not act as the litigant's advocate and construct legal

arguments that the plaintiff has not made. *See Brock v. Carroll,* 107 F.3d 241, 242–43 (4th Cir.

1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## LEGAL ARGUMENT

**I.      PLAINTIFF HAS FAILED TO COMPLY WITH THE PLEADING REQUIREMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 8.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short

and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's

claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Plaintiff has failed to meet that basic pleading standard.

In considering whether to dismiss a complaint for failure to satisfy Rule 8(a), courts consider, in part, "whether the complaint was clear enough to enable the defendant to know how to defend himself." *North Carolina v. McGuirt*, 114 Fed. App'x 555, 558 (4th Cir. 2004). "Fair notice" under Rule 8(a) requires more than a mere conclusory recitation of the elements of a claim. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (internal quotations and citations omitted); *see Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) ("We do not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions. . . .") (cleaned up).

Instead, to satisfy Rule 8(a) and survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must provide sufficient factual detail to "show that its claim is plausible, not merely speculative.'" *Cappetta v. GC Servs. Ltd. Partnership*, Civ. No. 08-288, 2008 WL 2964590, at *1 (E.D. Va. Aug. 1, 2008) (granting a motion to dismiss a conversion claim because the plaintiff's complaint did not contain a count alleging conversion or discuss the claim in any way). Further, a plaintiff's factual allegations must be sufficient to plausibly suggest each material element necessary to sustain a recovery under the legal theory advanced by the plaintiff. *See Kerr v. U.S. Dep't of Justice*, 2008 WL 3928701, at *1 ("Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff 'must allege facts sufficient to state all the elements of [his or] her claim.'") (quoting *Bass v. E.I. Dupont Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

4854-9141-7029.v2

A complaint that neither identifies the sections of the law allegedly violated by the defendant nor describes the nature of those violations necessarily fails to satisfy the pleading standards set forth in Rule 8(a). *See Sepulveda v. Stiff*, Civ. No. 05-167, 2006 WL 3314530, at *4 (E.D. Va. Nov. 14, 2006) ("A complaint is sufficient [under Rule 8(a)] where it states jurisdictional grounds for the claim, identifies sections of the law allegedly violated, describes the nature of the violations, and specifies the time period in which the alleged violations occurred.").

Notwithstanding the liberal standard afforded to *pro se* plaintiffs, Mr. Hamidov must still allege facts in his Amended Complaint that state a cognizable cause of action and provide sufficient detail to make clear the nature of his claims so as to allow Shift4Shop the opportunity to respond to those claims. *See, e.g., Jordan v. Lee*, Civ. No. 08-00281, 2008 WL 1766774, at *1 n.3 (W.D. Va. Apr. 17, 2008) ("Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action."); *Salinas v. Dillman*, Civ. No. 08-00268, 2008 WL 1743865, at *3 (W.D. Va. Apr. 15, 2008) (holding that a *pro se* plaintiff must "allege facts that state a cause of action" and, "[i]n the context of Fed. R. Civ. P. 8, it is clear that plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond"); *Horn v. Lee*, Civ. No. 07-00546, 2008 WL 345888, at *2 (W.D. Va. Feb. 7, 2008) (same). Thus, even under the comparatively liberal standard applicable to *pro se* plaintiffs, *Twombly* requires that pleadings "contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

Here, the Amended Complaint is fundamentally defective. First, Mr. Hamidov continues to make vague and incomprehensible allegations. *See, e.g.*, Am. Compl. at 2 ("On or about January 17, 2024, [he] engaged in the legal activity of exploring online investing opportunities and contacted [Defendant], establishing a business relationship."). Those allegations inform the Court

10

of nothing. *See Garris v. Ocwen Loan Servicing, LLC*, Civ. No. 14-118, 2014 WL 1385872, at *2 (E.D. Va. Apr. 9, 2014) (dismissing the *pro se* paintiffs' "unintelligible" claims and explaining that "it [was] impossible to tell what any Defendant [was] alleged to have done wrong, let alone whether relief [was] appropriate"). There is zero explanation of the "business relationship" between the Parties or that Shift4Shop supposedly took any action. (Am. Compl. at 2).

Second, Shift4Shop is unable to discern the nature of Plaintiff's claims. Plaintiff identifies broad legal concepts that he contends were violated but fails to allege sufficient facts that give rise to his causes of action. It is unclear what fiduciary duty—if any—Shift4Shop owed to Plaintiff and the basis for such duty. Even if Shift4Shop owed Plaintiff some duty, he failed to explain how Defendant failed to act in his "best interests," what "material facts" it failed to disclose, and how it "neglected to provide necessary protections against fraud." (*Id.* at 2-3).

The nature of the alleged fraud is also unclear. (*Id.* at 3). Plaintiff makes the blanket assertion that Shift4Shop "engaged in fraudulent activities by intentionally deceiving Plaintiff" but provides no factual context. (*Id.*). Then, without providing any facts, he summarily states that Defendant's "actions included misrepresentation of their platform's security and reliability." The Amended Complaint is devoid of any description of how Plaintiff was defrauded, what misrepresentations were made, how he relied, or how he was harmed.

Plaintiff alleges that Shift4Shop had a duty to ensure the security and integrity of its e-commerce platform and that Defendant breached its duty by allowing "fraudulent activities" to occur on its platform. (*Id.* at 3). Assuming arguendo that Defendant owed such a duty to Plaintiff, he provides *no* details about the "fraudulent activities" or how Shift4Shop failed to ensure security and integrity of its platform.

4854-9141-7029.v2

Perhaps Mr. Hamidov believes he was the victim of some form of fraud caused by a third party. Because Shift4Shop offers e-commerce services to independent businesses, Mr. Hamidov may be referring to a transaction with a third-party business. We cannot know because he does not describe any particular transaction or third party. In effect, he alleges that *someone* did *something* to defraud him without explaining Shift4Shop's involvement or fault. Regardless, neither Defendant nor the Court should have to speculate.  Mr. Hamidov has only pled bare accusations devoid of factual support.

It is neither the Court's nor Defendant's obligation to decipher or guess the factual basis of Mr. Hamidov's claims. *See Beaudett*, 775 F.2d at 1278 (explaining that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"); *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (court specifically observed that dismissal of the *pro se* complaint under Rule 8 was proper because it "place[d] an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and . . . impose[d] a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"). As explained in *Twombly*, "labels and conclusions" will not do.

Courts within the Fourth Circuit have not hesitated to grant motions to dismiss in cases, like this one, where a *pro se* plaintiff failed to adequately plead the factual basis for his or her claims. *See, e.g., Wright v. SunTrust Bank*, Civ. No. 08-568, 2008 WL 3106884 (E.D. Va. Aug. 4, 2008) (granting motion to dismiss the *pro se* plaintiff's complaint where a thorough and liberal reading of the complaint did not reveal any allegations that could violate the statute at issue); *Payne v. Commonwealth of Virginia*, Civ. No. 07-337, 2008 U.S. Dist. LEXIS 113066, at *5 (E.D. Va.

4854-9141-7029.v2

Apr. 17, 2008) (adopting magistrate's report and recommendation dismissing the *pro se* plaintiff's claim because the plaintiff's "vague allegations" did not satisfy Rule 8 pleadings standards or give the defendants fair notice of his claims, and the plaintiff did not "coherently explain" how his rights were violated).

Accordingly, Plaintiff's conclusory statements about fraud and negligence are insufficient to meet the pleading standards under Rule 8.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In addition to its failure to comply with the Court's Orders or Rule 8(a), the Amended Complaint must be dismissed because Mr. Hamidov has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

1.     Plaintiff Fails to State a Claim for Fraud

With respect to any claims of fraud, Plaintiff has failed to meet the pleading requirements under Federal Rule of Civil Procedure 9. To satisfy Rule 9(b), a plaintiff must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted); *see also Girgis v. Salient Solutions, Inc.*, Civ. No. 11-1287, 2012 WL 2792157, at *12 (E.D. Va. July 9, 2012) ("These facts are commonly described as the 'who, what, when, where, and how' of the alleged fraud."). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison*, 176 F.3d at 783 n.5; *see also Scharpenberg v. Carrington*, 686 F. Supp. 2d 655, 661-62 (E.D. Va. 2010) (citing *Harrison*).

A plaintiff asserting actual fraud in Virginia

> must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to

mislead, (5) reliance by the party misled, and (6) resulting damage to the
party misled.

*State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005) (citations

omitted). Plaintiff has not alleged any misrepresentation by Defendant at all, much less how such

representation was false or how Plaintiff detrimentally relied upon it. Without these allegations,

Plaintiff's fraud claim fails as a matter of law.

    2.    <u>Plaintiff Fails to State a Claim for Breach of Fiduciary Duty</u>

    Similarly, to "recover on a breach of fiduciary duty claim in Virginia, a plaintiff must show

that a duty exists, that the duty was breached and that the breach caused damages." *Moore v. Law*

*Offices of Shapiro, Brown & Alt, LLP*, Civ. No. 14-832, 2015 WL 4877845 at *7 (E.D. Va. 2015)

(citing *Carstensen v. Chrisland Corp.*, 247 Va. 433, 434-44, 442 S.E.2d 660, 666-67 (1994)).  A

fiduciary relationship exists "when special confidence has been reposed in one who in equity and

good conscience is bound to act in good faith and with due regard for the interests of the one

reposing the confidence." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 446, 318 S.E.2d 592, 595

(1984). "The law indulges no presumption that an agency exists. On the contrary one is legally

presumed to be acting for himself and not as the agent of another." *Raney v. Barnes Lumber Corp.*,

195 Va. 956, 966, 81 S.E.2d 578, 584 (1954) (citations omitted).

    Here, Mr. Hamidov has failed to identify a fiduciary relationship between the Parties,

which is essential to a claim for breach of fiduciary duty. He alleges that the Parties "engaged in

business transactions involving substantial financial interactions and the handling of sensitive

information." (Am. Compl. at 2). Mr. Hamidov further alleges that Shift4Shop failed to act in his

"best interests, fail[ed] to disclose materials facts, and neglect[ed] to provide necessary protections

against fraud." (*Id.* at 3). Mr. Hamidov neither describes the "business transactions" nor the

handling of "sensitive information." Nowhere in the Amended Complaint does he allege that

14

Shift4Shop acted on his behalf during these transactions as a fiduciary would for a principal.

Moreover, without further elaboration, Shift4Shop has no notice of how it failed to act in his best

interests, what material facts were not disclosed, and how it failed to provide "necessary

protections."

Plaintiff's mere "business transactions" fail to establish a fiduciary duty. "Although

Virginia courts have recognized that a fiduciary duty can arise from a contract, the predicate

fiduciary relationship cannot exist between the parties solely by virtue of a contract." *4D-*

*Enterprises, LLC v. Aalto Hyperbaric Oxygen, Inc.*, Civ. No. 19-01504, 2020 WL 13200228, at

*4 (E.D. Va. July 10, 2020) (cleaned up). "In other words, where there is a 'typical business

relationship' evinced by a contract, the court may not create a fiduciary relationship without other

evidence that the parties intended to create a fiduciary relationship." *Id.* (citation omitted) (cleaned

up). Plaintiff has not alleged facts plausibly creating a fiduciary relationship, much less the breach

of one.

### 3.       Plaintiff Fails to State a Claim for Negligence

Virginia law requires that a plaintiff seeking to establish actionable negligence do more

than merely allege "negligence." To state a negligence claim under Virginia law, Plaintiff must

allege that: (i) Defendant owed him a legal duty; (ii) Defendant breached that legal duty; (iii)

Plaintiff suffered damages; and (iv) the damages were proximately caused by Defendant's actions.

*Federico v. Lincoln Military Hous., LLC*, 127 F. Supp. 3d 623, 641 (E.D. Va. 2015) (citing

*McGuire v. Hodges*, 273 Va. 199, 639 S.E.2d 284 (2007)).

Mr. Hamidov has not alleged, and cannot allege, Shift4Shop owed a duty to him, much

less breached it. *See, e.g.*, *Morgan v. Wal–Mart Stores E., LP*, Civ. No. 10-669, 2010 WL 4394096,

at *3 (E.D. Va. Nov. 1, 2010) (dismissing negligence claim where the plaintiff "fail[ed] to allege

any facts supporting a legal duty on [d]efendant's part, . . . fail[ed] to specify what actions of [d]efendant constituted a breach of that legal duty, and fail[ed] to allege facts tending to show how such a breach proximately caused [p]laintiff's injury."); *William v. AES Corp.*, 28 F. Supp. 3d 553, 571 (E.D. Va. 2014) (dismissing the plaintiffs' negligence claim where they failed to specific what actions of defendants constituted a breach of the legal duty asserted).

In addition to not pleading plausible factual support for his assertion that Defendant owed him a duty and that Shift4Shop breached that duty, Mr. Hamidov has also failed to plead a causal link between the alleged harm and Shift4Shop. Plaintiff's original complaint revealed that the monetary damages for which he sought relief were not caused by Shift4Shop.  He had attached, as exhibits to his original complaint, copies of his bank statements that made no mention of Shift4Shop in his bank statements. (*See* ECF No. 1-1). Unsurprisingly, those same bank statements are not attached as exhibits to his Amended Complaint. He also acknowledges in the Amended Complaint that he was defrauded by someone other than Defendant. (Am. Compl. at 2-3).

Moreover, even if Plaintiff had pled a factual basis for some "business relationship" with Defendant that could give rise to an express or implied contract, Virginia's source-of-duty rule would bar Plaintiff's tort claims for economic harm. As the Supreme Court of Virginia has cautioned repeatedly, "the source-of-duty rule attempts to mark off the boundaries of civil liability and to protect our jurisprudence from the modern trend that is intent on turning every breach of contract into a tort…." *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 82-83, 843 S.E.2d 244, 245 (2019) (citations omitted) (cleaned up). Unsurprisingly, Plaintiff did not attach to his Amended Complaint Defendant's "Terms and Conditions" like he previously had, (*see* ECF No. 1-1), but his omission does not transform the nature of the "business relationship" or give rise to any

4854-9141-7029.v2

common-law duty that could exist in the absence of a contract.   Accordingly, Mr. Hamidov failed to set forth a cognizable claim for negligence.

### III.     THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Because Plaintiff apparently cannot cure the defects inherent in his legal claims, any further amendment would be futile. A court should deny leave to amend when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice where amendment would be futile in light of the [complaint's] fundamental deficiencies"). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

At this juncture, it is clear that no additional amendments could save Plaintiff's claims because he is incapable of identifying any wrongful conduct by Shift4Shop that could sustain a cognizable claim. Indeed, after being afforded the opportunity to amend his claims to add more specific allegations, Plaintiff's Amended Complaint has even less of a factual basis than his original pleadings.  Accordingly, the Amended Complaint should be dismissed with prejudice.

4854-9141-7029.v2

## **CONCLUSION**

Even under the most liberal construction, the Amended Complaint fails to state a claim

upon which relief can be granted, and it should be dismissed with prejudice pursuant to Rule

12(b)(6).

Respectfully submitted this 6th day of June 2024.

/s/ John S. Buford
John S. Buford (VSB# 89041)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
804.967.9604
jbuford@hancockdaniel.com

Mauro G. Tucci Jr. (*pro hac vice*)
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
973.325.1500
mtucci@csglaw.com

*Attorneys for Defendant*
*Shift4Shop, LLC*

18

4854-9141-7029.v2