IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Rovshan Hamidov,<br><br>  Plaintiff,<br><br>v.<br><br>Shift4Shop, LLC,<br><br>  Defendant. | Civil Action No. 1:24-cv-254 |

## ORDER

THIS MATTER comes before the Court on defendant's motion to dismiss.

On May 3, 2024, the Court dismissed Plaintiff Hamidov's complaint for failing to state a claim but permitted Hamidov to file an amended complaint. Hamidov filed an amended complaint on May 25, 2024. Hamidov's amended complaint alleges that he is employed as "Chief Operations Officer and/or General Manager of a private corporation in Virginia." On January 17, 2024, Hamidov allegedly "engaged in the legal activity of exploring online investing opportunities and contacted [defendant], establishing a business relationship." Then, Hamidov allegedly "gained operation knowledge of [defendant's] platform and began standard account activity, during which he was defrauded." As a result, Hamidov says he "made a legal demand for the return of his property from [defendant], which was met with willful negligence from the Defendant, demonstrating a failure to address consumer concerns adequately." These are all the factual allegations contained in the amended complaint.

1

Hamidov's amended complaint then lists three counts against defendant: Count I for breach of fiduciary duty, Count II for fraud, and Count III for negligence. In Count I, Hamidov alleges defendant owed him a fiduciary duty because the parties "engaged in business transactions involving substantial financial interactions and the handling of sensitive information." Hamidov alleges "Defendant breached this duty by failing to act in Plaintiff's best interests, failing to disclose materials facts, and neglecting to provide necessary protections against fraud." Count II alleges that defendant "engaged in fraudulent activity by intentionally deceiving" Hamidov. Defendant allegedly misrepresented "their platform's security and reliability, thereby inducing Plaintiff to trust and use their services under false pretenses," which Hamidov contends lead to significant financial loss. In Count III, Hamidov alleges "Defendant had a duty to ensure the security and integrity of their e-commerce platform," and that defendant breached that duty "by allowing fraudulent activity to occur on their platform." He contends this also resulted in financial loss. Hamidov demands $250,000 in damages.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain factual allegations sufficient "to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When assessing a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and views the complaint in the light most favorable to the plaintiff. De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991) (citation omitted). The court, however, need not accept as true the legal conclusions, unwarranted inferences, or arguments asserted in the complaint. Eastern

Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While the Court "construe[s] allegations in a pro se complaint liberally, a complaint still 'must contain enough facts to state a claim for relief that is plausible on its face.'" Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (quoting King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016)).

Here, Hamidov's complaint is again defective. As to Count I, Hamidov fails to plead that a fiduciary relationship existed between the parties. "Under Virginia law, the elements of a breach of fiduciary duty claim are: (1) the defendant owes a fiduciary duty, (2) the defendant breached that fiduciary duty, and (3) the breach of fiduciary duty resulted in damages." Plumbers & Steamfitters Union Loc. No. 10 v. Waters, 451 F. Supp. 3d 543, 550 (E.D. Va. 2020). Here, Hamidov fails to plead facts showing "the parties intended to create a fiduciary relationship." Diaz Vicente v. Obenauer, 736 F. Supp. 679, 695 (E.D. Va. 1990). "[T]here is a fiduciary relationship 'when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence.'" Allen Realty Corp. v. Holbert, 227 Va. 441, 446 (1984) (quoting H–B Partnership v. Wimmer, 220 Va. 176, 179 (1979)). The Court cannot impose the duties of a fiduciary on defendant where Hamidov pleads only that the parties engaged in some, unspecified business transactions.

As to Count II, Hamidov fails to plead fraud with particularity. Rule 9(b) requires Hamidov, when pleading fraud, to allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah

River Co., 176 F.3d 776, 784 (4th Cir. 1999). At a minimum, Hamidov alleges neither the time and place of the fraud nor what defendant obtained from the fraud.

Lastly, as to Count III, Hamidov also fails to allege negligence. Under Virginia law, Hamidov must allege that: (i) defendant owed him a legal duty; (ii) defendant breached that legal duty; (iii) Hamidov suffered damages; and (iv) defendant's actions proximately caused the damages. Federico v. Lincoln Military Hous., LLC, 127 F. Supp. 3d 623, 641 (E.D. Va. 2015) (citing McGuire v. Hodges, 273 Va. 199, (2007)). Hamidov fails to allege the legal duty defendant owed him or how defendant's actions caused his financial losses. Accordingly, it is hereby

**ORDERED** that Shift4Shop's motion to dismiss is **GRANTED**, and this case is **DISMISSED**.

Alexandria, Virginia
July 26, 2024

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

4